NOT DESIGNATED FOR PUBLICATION

No. 126,303

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TONY M. PAYNE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 6, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Tony M. Payne appeals the revocation of his probation and imposition of his underlying sentence. We granted Payne's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). Finding no error, we affirm.

In 2018, Payne pleaded guilty to two counts of aggravated assault. His criminal history score was A, the highest classification. The district court sentenced him to 13 months' imprisonment and ordered him to comply with the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq.

1

But in September 2022, the State alleged that Payne failed to comply with his KORA registration requirements. Payne pleaded guilty as charged. The district court granted his dispositional departure motion, sentenced Payne to 46 months' imprisonment, and then granted him 24 months of probation.

Within several months, two warrants were issued: one alleged that Payne had failed to report to his probation officer and the second alleged that Payne had committed a new offense—obstruction of a felony warrant—by providing a false name to law enforcement. So in May 2023, the district court held a probation violation hearing. There, Payne admitted he had failed to report and had committed a new offense by giving a false name to law enforcement. The district court thus found Payne had violated his probation. As a result, it revoked Payne's probation and ordered him to serve his underlying sentence of 46 months' imprisonment.

Payne timely appeals the revocation of his probation and the imposition of his prison sentence.

*The District Court Did Not Err in Revoking Payne's Probation*

Payne argues that the district court abused its discretion by revoking his probation and ordering him to serve his underlying sentence because all the reasons in his motion for dispositional departure still apply, it is costly to imprison him, and his offense was minor.

Once the State has proven a probation violation by a preponderance of the evidence, the district court has discretion to revoke probation and impose the underlying sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). This court reviews the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary,

2

fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the party asserting an abuse of discretion, Payne bears the burden of establishing such an abuse of discretion. See 315 Kan. at 328. He has failed to meet that burden.

Payne shows no error of law or fact. K.S.A. 22-3716 generally requires the district court to impose intermediate sanctions before revoking probation and imposing a prison sentence. See K.S.A. 22-3716(c)(1). But a district court may bypass these intermediate sanctions if the offender's probation "was originally granted as the result of a dispositional departure," K.S.A. 22-3716(c)(7)(B), or if the offender commits a new crime while on probation, K.S.A. 22-3716(c)(7)(C). The record shows, and Payne does not dispute, that these exceptions apply.

Nor has Payne shown an abuse of discretion. His argument that it is costly to the State and to Payne's liberty to imprison him for so long for a minor infraction is a policy argument for the Legislature, not the courts. And a reasonable judge could have found as this judge did. Payne thus fails to show that the district court abused its discretion.

Affirmed.